### PROSECUTION FOR FORGERY OF A CHECK.

Court of Appeals for Licking County.

BURT COCHRAN v. STATE OF OHIO.

Decided, October Term, 1915.

*Criminal Law—Failure to Produce Forged Instrument at Trial of the One Accused of the Forgery—Must be Satisfactorily Explained—Confession by the Defendant Must be Shown to Relate to the Particular Offense Charged.*

1. In a prosecution for forgery, in which a denial has been entered, the defendant is entitled to have the alleged forged instrument produced or its non-production satisfactorily accounted for before secondary evidence as to its contents is admissible, and a mere statement by the prosecuting attorney to the effect that he did not have nor had he seen the instrument to which the indictment refers, either before or since the sitting of the grand jury which returned the indictment is not a sufficient explanation of the reason for its non-production at the trial.

2. Statements made by the defendant in the nature of a confession are insufficient upon which to base a conviction of forgery, where it

does not appear that the so-called confession was an admission of the forgery by the defendant to the particular instrument upon which the indictment is based.

*James F. Lingafelter,* for plaintiff in error.
*J. W. Horner,* Prosecuting Attorney, contra.

SHIELDS, J.

Error was prosecuted herein to reverse the judgment of the Court of Common Pleas of Licking County.

One of the errors complained of is that the state, having conceded the loss of the alleged forged check before the sitting of the grand jury finding the indictment herein and before the trial of the plaintiff in error upon said indictment, failed to allege that said check was lost or destroyed and that upon said trial no *proper* proof was given of its loss or destruction to authorize the state to introduce the contents thereof.

Under an examination of the bill of exceptions we are of the opinion that no such proper proof was introduced of the loss or destruction of the alleged forged check as to admit of proof of its contents. True, the prosecuting attorney said in answer to an inquiry made by the court that he did not have nor had he seen said check before or since the sitting of said grand jury. This was simply a statement made by the prosecuting attorney.

Courts have uniformly held that on the trial of a person for a forgery the instrument alleged to have been forged must be produced on the trial or its non-production must be satisfactorily accounted for before secondary evidence of its contents is admissible. Here the forgery was denied by the plaintiff in error when on the witness stand; and in a criminal case involving the liberty of a person we think it is not too much to say that the accused is entitled to have the forged instrument produced, or its non-production properly and legally explained.

In this connection it might be stated that while the record shows that the plaintiff in error made statements after his arrest in the nature of confessions, still it does not satisfactorily appear that such alleged confessions related to this identical check, nor

does it appear that any diligence was used in searching for and producing said check. It may be that the witness, Parlet, had in mind, and possibly did have the check in question at the time of his conversation with the plaintiff in error, but the answers to the inquiries made by him of the plaintiff in error do not contain an admission of the signing of Parlet's signature to *this* check. Under this state of the record we think the court below erred in overruling the objection of the plaintiff in error in permitting secondary evidence of the contents of said check to be given to the jury and also in overruling the motion of the plaintiff in error to withdraw said evidence from the jury after given.

As to the action of the court below in overruling the motion of the defendant below to quash said indictment, and in overruling said demurrer to said indictment, we find no error in the action of said court, but for the error hereinbefore referred to this cause will be reversed and said cause remanded for further proceedings.

POWELL, J., and HOUCK, J., concur.